*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
August 20, 2020

v

No. 348123
Calhoun Circuit Court
LC No. 2017-002351-FH

ROBERT DORIAN SANGO,

Defendant-Appellant.

Before: GADOLA, P.J., and GLEICHER and STEPHENS, JJ.

GLEICHER, J. (*concurring*).

I concur with the majority's resolution of this case. I write separately to underscore the majority's holding that the commencement of trial, standing alone, cannot serve as the basis for denying an unequivocal request for self-representation. As the majority points out, our Supreme Court explained in *People v Anderson*, 398 Mich 361; 247 NW2d 857 (1976), that a potential for delay or inconvenience does not "invariably" arise from a request made midtrial.

Here, the trial court made no effort to balance defendant's asserted right to self-representation with the court's interest in preventing disruption or delay. By reflexively rejecting defendant's invocation of his Sixth Amendment right without exercising any discretion whatsoever, the trial court unreasonably deprived defendant of his right to proceed pro se. See *State v Hightower*, 361 Ore 412, 421; 393 P3d 224 (2017) ("[T]he record must include some indication of how the trial court actually weighed the relevant competing interests involved for an appellate court to be able to determine whether the trial court abused its discretion in ruling on a request to waive the right to counsel and proceed *pro se*.").

The majority posits that the *Anderson* inquiry is optional if a request is "untimely." In this regard, I respectfully disagree. In my view, whenever a defendant expresses a desire for self-representation the trial court must engage in the colloquy required under *Anderson* and MCR 6.005(d). See also *People v Dennany*, 445 Mich 412, 438; 519 NW2d 128 (1994) ("Obviously, the most effective way for a trial court to safeguard against the opening of an appellate parachute is to comply with the court rules and *Anderson*."). Even when a request for self-representation comes midtrial, a court must develop a factual record. Doing so serves three critical purposes.

First, it establishes whether the defendant's waiver is unequivocal, knowing, and voluntary. Second, undertaking a colloquy will almost certainly reveal the court's reasoning if a request is denied. And third, waiving counsel midtrial is likely more dangerous to a defendant than doing so earlier in the proceedings, necessitating an especially cautious warning of the risks.

Because the trial court denied defendant's right to self-representation without any colloquy at all, the majority correctly concludes that a new trial is required.


/s/ Elizabeth L. Gleicher